April 15, 2015

Searcy Gene Holland #1647165
Hynaugh Unit
1098 S. Highway 2037
Ft. Stockton, TX 79735

83,089-01

Abel Acosta, Clerk
Criminal Court of Appeals
P.O. Box 12308
Capitol Station
Austin, TX 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 20 2015

Abel Acosta, Clerk

Re: WR 83,089-01
TR. Ct. No. 61895-A

Dear Mr. Acosta:

Please bring the enclosed Response to State's Reply on Writ of Habeus Corpus in the Above cause to the immediate attention of the court. Thank you for your prompt assistance in this matter.

Sincerely,

Searcy Gene Holland

Searcy Gene Holland #1647165

Applicant Pro Se

NO. 61895-A

EX PARTE                         §         IN THE DISTRICT COURT

                                 §         OF BRAZORIA COUNTY, TEXAS

SEARCY GENE HOLLAND              §         23rd JUDICIAL DISTRICT

APPLICANT'S RESPONSE TO STATE'S REPLY TO
PETITION FOR WRIT OF HABEAS CORPUS

Applicant believes that the court will find that the State has not directly addressed the grounds of the Applicant's Writ of Habeas Corpus nor have they provided ample proof that Applicant's conviction is not defective and would submit the following:

I.

Applicant urges this Honorable Court to request the Clerk's record and the Reporter's record for Cause No. 61622 as well as the Reporter's record for the above cause. Without these records, the Court cannot accurately address the grounds submitted by Applicant in this cause.

II.

In ground one, Applicant claims a jurisdictional defect because he was convicted in a court he did not appear in. The State claims that local rules allowed them to transfer jurisdiction. However, if Applicant was convicted in the 23rd District Court and that court holds jurisdiction, why has the 149th District Court replied to Applicant's Writ of Habeas Corpus? The question of jurisdiction is not clear.

III.

In Applicant's second ground, Applicant argues that his plea was involuntary because the indictment did not accurately reflect his role in the crime. All parts of the indictment must be true. A review of the transcripts for both causes on May 12, 2010 should

reveal that Judge Robert May questioned State's counsel with regard to Applicant's role in the crime at which time Counsel replied that Applicant did not cause the bodily injury. The State proceeded despite knowing that the indictment was inaccurate. Eventhough Applicant can be charged as a party to the crime, the indictment must reflect his role in the crime.

IV.

In his third ground, Applicant claims a double jeopardy violation. As seen in Applicant's exhibit of the docket sheet for cause no. 61622, Applicant was called into the 149th District Court on May 12, 2010. Two cause numbers were still active. Judge Robert May questioned State's counsel with regard to Applicant's role in the crime. The State accurately states that no jury was impaneled and no witnesses were called. However, this was a plea hearing. By questioning State's counsel about the indictments, the court makes State's counsel a witness and attaches jeopardy to both causes. In Brown v. State 900 S.W. 2d 805, 807 (1995) it states, 'A person is placed in jeopardy of life or liberty at the moment jeopardy attaches to a charge, and if prosecutor subsequently dismisses that charge, the State loses the opportunity to try that charge forever... The timing of the State's abandonment of the count or charge is thus crucial in determining whether the State preserved its right to subsequently prosecute defendant for that offense.' If the State dismissed the charge on Cause No. 61622 in court on May 12, 2010 after entering the court room and questioning State's counsel and prior to prosecuting Cause No. 61895, then a double jeopardy violation occurred.

## CONCLUSION

WHEREFORE PREMISES CONSIDERED, Applicant prayerfully requests this Honorable Court to review all of the court records for Cause Nos. 61622 and 61895 to accurately appraise Applicant's request for an out-of-time appeal via Habeas Corpus. Applicant requests that the Court grant relief as requested.

Respectfully Submitted,

*Searcy Gene Holland*

Searcy Gene Holland #1647165
Applicant Pro Se
Lynaugh Unit
1098 S. Highway 2037
Ft. Stockton, TX 79735

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing instrument was mailed to Counsel fior the State, David Bosserman, Asst. District Attorney, 111 E. Locust, Suite 408A, Angleton, TX 77515.

*Searcy Gene Holland*

Searcy Gene Holland